IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THUAN HAN TANG,                )
                               )
            Petitioner,        )
                               )
      v.                       )
                               )      Case No. 3:25-cv-347
PAMELA J. BONDI, *in her official capacity*  )      Judge Stephanie L. Haines
*as U.S. Attorney General, et al.,*    )
                               )
            Respondents.       )

## ORDER

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) *specific facts* in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage *will result* to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O.") a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a

preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

Here, upon review of Petitioner Thuan Han Tang's ("Petitioner") Motion for a T.R.O., ECF No. 12, the Court finds that he has failed to make a sufficient showing to obtain a T.R.O. at this time.[1] Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 12 is **DENIED**.

---

[1] The Court takes this opportunity to more fully explain its decision. On October 10, 2025, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 20, 2025, Judge Pesto directed the United States Marshals Service to make service of Petitioner's Habeas Petition upon Respondents and ordered Respondents to file a response within sixty days of service. ECF No. 7. On November 18, 2025, Petitioner filed a Motion for a T.R.O. ECF No. 12.

Petitioner sets forth that he fled Vietnam with his family in 1978 when he was six years old. ECF No. 1, ¶ 12. On January 15, 1981, Petitioner was permitted to enter the United States as a lawful permanent resident due to being classified as a refugee. *Id.* at ¶¶ 12–13. In the 1990's, Petitioner was criminally convicted. *Id.* at ¶ 16. Those convictions appear to provide the basis for Petitioner's final order of removal to Vietnam, which was issued on November 7, 2000. *Id.* at ¶ 16. Petitioner was re-detained by ICE on June 10, 2025. *Id.* at ¶ 3. As of the filing of Petitioner's Motion for a T.R.O, he was detained at Moshannon Valley Processing Center ("MVPC"). ECF No. 12, p. 1. However, in his Motion for a T.R.O., Petitioner contends that Respondents are planning on transferring Petitioner to a different processing center tonight, potentially one in the state of Indiana. *Id.* at pp. 1–2. As such, Petitioner filed the instant Motion for a T.R.O., ECF No. 12, requesting that this Court enter an Order: enjoining Respondents from transferring him out of the Western District of Pennsylvania, requiring Respondents to disclose his current physical location, and prohibiting Respondents from removing him from the United States while his Habeas Petition is pending. ECF No. 12, p. 2.

With respect to Petitioner's request for an Order enjoining Respondents from transferring him to a different facility, the Court notes that such a request from an alien detainee in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006). As such, Petitioner points to no authority upon which this Court may properly enjoin Respondents from transferring Petitioner to another facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings... and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). In light of these principles, the Court finds that it does not possess jurisdictional authority to enjoin Respondents from transferring Petitioner.

With respect to Petitioner's request that this Court issue an Order requiring Respondents to disclose Petitioner's current location and prohibiting Respondents from removing Petitioner from the United States, the Court notes that Petitioner has cited no authority to suggest to this Court that such relief is generally proper, let alone proper given the particularized circumstances here. As such, Petitioner has failed to demonstrate a likelihood of success on the merits of this claim. While the Court need not proceed to address the issue of irreparable harm as Petitioner has failed to sufficiently demonstrate likelihood of success on the merits, *see Transcontinental Gas Pipe Line Co., LLC,* 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief), it notes that this factor, relative to his request for an injunction preventing his removal from the country, does not favor Petitioner either as he has failed to sufficiently allege that his removal is imminent. In fact, Petitioner has not alleged that his removal is imminent but only that his transfer to a different facility is imminent. *See* ECF No. 12, p. 2 ("Today, [Petitioner's] girlfriend received urgent information that he is being transferred to Indiana tonight, that his detention account has been closed, and that they are unable to contact him."). Indeed, the Supreme Court has indicated that injunctive relief is not appropriate to prevent the possibility of some remote future injury; on this score, the Court wrote:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423 (1974); *O'Shea v. Littleton,* 414 S.Ct. 669 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *id.,* at 154–[]55[; *O'shea,*] 94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction **based** only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (*per curiam*).

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up) (emphasis provided). In other words, "[a] party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm." *Louisiana Counseling & Fam. Servs. Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014) (*aff'd sub nom.* in *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)).

Therefore, the Court must deny Petitioner's Motion for a T.R.O., ECF No. 12, due to jurisdictional issues and a failure to sufficiently show either gateway factor. *See Transcontinental Gas Pipe Line Co., LLC,* 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

**IT IS FURTHER ORDERED** that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.


DATED: November 18, 2025:                    BY THE COURT:

                                             STEPHANIE L. HAINES
                                             UNITED STATES DISTRICT JUDGE